UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW TRAVIS PALACIOS *by the Administratrix of his Estate,* YOLANDA NIEVES,

                       Plaintiff,

-v-

LUC VU, et al.,

                       Defendants.

20 Civ. 2985 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This case regards a wrongful death and negligence action removed from New York State Court. On January 4, 2021, the parties informed the Court that this case had been resolved in private mediation and sought from the Court approval of the settlement in lieu of approval from the New York Surrogate's Court. Dkt. 27; *see Moises v. Riverbank Rest. LLC*, No. 17 Civ. 9943 (SDA), 2018 WL 7356770, at *1 (S.D.N.Y. Dec. 21, 2018) ("New York law requires that a court approve a compromise for a wrongful death action 'after inquiry into the merits of the action and the amount of damages proposed . . . as it shall determine to be adequate including approval of [attorneys'] fees and other payable expenses.'" (quoting N.Y. E.P.T.L. § 5-4.6) (brackets in *Moises*). The Court, however, was unable to assure the parties that its approval would moot the requirement of Surrogate's Court approval. Dkt. 28. On February 19, 2021, the Court directed the parties to inform the Court whether Surrogate's Court approval had been obtained. Dkt. 29. Later that day, the parties filed a letter on the docket of this case informing the Court that the Surrogate's Court approval had not yet been obtained. Dkt. 30. For the reasons below, the parties also disputed whether such approval was necessary. *Id.*

In defendants' view, the Surrogate's Court's approval is required because the Limited Letters of Administration ("Letters") issued by that court state, in part, "These letters authorize the collection of a total of $-0-. The collection in excess of that amount *must be authorized by a further order of the Surrogate*." *Id.* (emphasis added). By contrast, in plaintiff's view, the Surrogate's Court's approval is not required because the Letters further state:

> Yolanda Nieves in both his/her individual and fiduciary capacity, as well as any attorney who represents him/her in either capacity, shall not permit the collection or receipt of the proceeds from any action instituted or settled pursuant to the authority granted by these letters without the further order of this court **or a court of competent jurisdiction** pursuant to EPTL Sec. § 5-4.6.

*Id.* (emphasis in Dkt. 30).

After it received the parties' letter, the Court instructed that, in light of the uncertainty whether this Court is of competent jurisdiction, authorization to settle the matter must be obtained from the Surrogate's Court. Dkt. 31. The Court instructed the parties to seek such authorization forthwith, authorized the parties to inform the Surrogate's Court that this Court would approve the settlement matter (were it unambiguously authorized to do so), and to periodically file a joint report on the status of their efforts to obtain the Surrogate's Court approval of the settlement. *Id.* The parties have dutifully discharged that obligation. *See* Dkts. 32, 34, 36, 38, 40, 42, 44, 46, 49, 51, 53.

Notwithstanding counsels' efforts, little progress appears to have been made in the Surrogate's Court—which last corresponded with counsel nearly a year ago, seeking documents counsel provided the following day. *See* Dkt. 51. On April 8, 2022, plaintiff filed a letter citing ample case authority in support of its contention that this Court is of competent jurisdiction to approve the proposed settlement under N.Y. E.P.T.L. § 5-4.6. Dkt. 55 (citing *Est. of Edler*, 395 N.Y.S.2d 337, 339 (Sur. Ct. 1977) ("[T]he United States District Court had jurisdiction under

2

New York law to approve or disapprove the adequacy of the amount of the settlement upon application of petitioner to that forum, EPTL 5-4.6(a). Under New York law the said district court had additional concurrent jurisdiction with the Surrogate's Court to authorize an appropriate distribution of the amount of the recovery to the persons entitled thereto."); *In re. Holquin's Estate*, 420 N.Y.S.2d 670, 673 ("[T]he personal representative can petition for approval of a settlement and the compromise of an action for wrongful death, either *in the court in which the action is pending* or to the Surrogate's Court that appointed him") (citing N.Y. E.P.T.L. § 5-4.6; *Elder*, 395 N.Y.S.2d 337); *Leslie v. Met Pro Techs, LLC*, No. 16 Civ. 1428, 2019 WL 5783534, at *2 (N.D.N.Y. Mar. 1, 2019) ("The District Court has concurrent jurisdiction to issue an order approving of such a settlement.")); *see also Mamoukakis et al. v. Preston, et al.*, No. 18 Civ. 5212 (NRB) (S.D.N.Y. 2019), Dkt. 25 (confirming that defense counsel may forward settlement proceeds to plaintiffs' counsel without further approval from the Surrogate's Court).

The Court finds the above authorities persuasive and, consistent with the practice of other courts in this District, is prepared to review the proposed settlement for fairness and adequacy. *See, e.g., Gluck v. Sandelli*, No. 21 Civ. 2038 (SLC), 2022 WL 1556124, at *2 (S.D.N.Y. May 16, 2022); *Moises*, 2018 WL 7356770, at *1. Accordingly, defendants are instructed to respond to plaintiff's letter, Dkt. 55, with their own letter, no longer than three single-spaced pages, citing apposite authority, if any, supporting their view that this Court may *not* approve the proposed settlement (or concede that this Court may do so), no later than the end of the day on **Friday, June 10, 2022**. Also by the end of the day on Friday, June 10, 2022, the parties shall submit the proposed settlement to the Court, to enable the Court to promptly review it in the event it is unpersuaded by defendants' response.

3

SO ORDERED.

                                              *Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 3, 2022
       New York, New York

4